UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| V. J. H. a minor by her mother CONNIE E. STEWART, </br></br> Plaintiff, </br></br> vs. </br></br> CAROLYN W. COLVIN Commissioner of the Social Security Administration, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   No. 1:15-cv-00073-TAB-WTL |

**ORDER**

**I.     Introduction**

Pending before the Court is Plaintiff V.J.H.'s appeal of the Commissioner's denial of her claim for disability benefits.  V.J.H. argues that the Administrative Law Judge erred in finding she was not disabled by ignoring evidence that V.J.H. is disabled by the chronic pain and shortness of breath she suffers when wearing her back brace, and that the ALJ failed to analyze the evidence supporting her marked domains.  While the ALJ sufficiently confronted the evidence concerning V.J.H.'s back brace, his domain analysis was erroneous.  Thus, the Court grants Miller's brief in support of appeal.  [Filing No. 19.]

**II.    Procedural Background**

V.J.H.'s mother applied her for supplemental security insurance benefits on August 10, 2012, alleging disability beginning December 1, 2011.  The claim was denied initially and on reconsideration.  On September 19, 2013, V.J.H. and her mother, represented by an attorney, testified at a hearing before the ALJ.  On October 18, 2013, the ALJ issued his decision, finding that V.J.H. is not disabled.

At step one, the ALJ found that V.J.H. has not engaged in substantial gainful activity during the relevant time period. At step two, the ALJ found that V.J.H.'s severe impairments include idiopathic adolescent scoliosis, controlled with TLSO brace. At step three, the ALJ concluded that V.J.H. does not meet or equal any relevant listing. This decision became final when the Appeals Council denied V.J.H.'s request for review. This appeal followed.

**III.   Standard of review**

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore,* 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin,* 712 F.3d 351, 362 (7th Cir. 2013).

**IV.   Discussion**

The issues before the court are (1) whether the ALJ ignored the evidence that V.J.H.'s back brace caused her chronic pain and shortness of breath and (2) whether the ALJ built a logical bridge from the evidence to his conclusion that V.J.H. had no marked domains. For the reasons set forth below, the Court finds that the ALJ properly confronted the evidence that V.J.H. was limited by pain and shortness of breath caused by her back brace. However, the

Court finds that the ALJ failed to minimally articulate an analysis before concluding that V.J.H. had no marked domains.

    A.    *Chronic pain and shortness of breath*

V.J.H. argues that the ALJ ignored evidence that she was disabled when she wore her back brace because it caused her to suffer chronic pain and shortness of breath. In particular, V.J.H. argues that the ALJ ignored the following evidence:

1. She took Advil and Tylenol for the pain caused by her back brace, [Filing No. 13-2, at ECF p. 15]

2. She had trouble sitting with her brace because it caused bruising on her right side, [Filing No. 13-7, at ECF p. 9]

3. She had to stop a nature walk because of back spasms and shortness of breath, [Filing No. 13-2, at ECF pp. 43-44]

4. She was unable to play sports, [Filing No. 13-2, at ECF p. 64] and

5. A number of x-rays and medical evaluations showed increased curves in her spine. [Filing No. 13-7, at ECF pp. 2, 95, 119, 125; Filing No. 13-8, at ECF pp. 10-12.]

The Commissioner contends that the ALJ supported his conclusion that V.J.H. was not disabled by the pain and shortness of breath she experienced when wearing her back brace. The Commissioner argues that V.J.H. essentially just disagrees with the way the ALJ weighed the evidence. Indeed, the ALJ discusses practically all the evidence on V.J.H.'s list. The ALJ noted V.J.H.'s use of Advil and Tylenol for pain, but found that it had no limiting effects. [Filing No. 13-2, at ECF p. 15-16.] The ALJ also acknowledged V.J.H.'s discomfort from wearing the brace and discussed a number of x-rays and evaluations of her spine. [Filing No. 13-2, at ECF p. 16.]

3

The ALJ noted that Plaintiff's brace had to be "altered to better accommodate her shape" and that her "main discomfort came from the brace itself." [Filing No. 13-2, at ECF p. 16.] He also noted that she subsequently received a new brace and "reported that she believed it was fitting her comfortably." [Filing No. 13-2, at ECF p. 16.] The ALJ concluded that V.J.H. "is more limited with her brace; however there is very little evidence to support a finding" of disability. [Filing No. 13-2, at ECF p. 17.] The ALJ found that aside from V.J.H.'s discomfort, she was able to move about easily. [Filing No. 13-2, at ECF p. 16.]

      The ALJ did not discuss V.J.H.'s nature walk or ability to play sports. However, as the Commissioner reiterates, the ALJ is not required to mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper,* 712 F.3d at 362. Turning to the evidence, it does not appear that these facts affect the ALJ's conclusion that V.J.H. was not disabled by chronic pain and breathing problems caused by her brace. For example, while V.J.H. testified that she can no longer play sports because of breathing problems, she also testified that she could breathe better when wearing her brace. [Filing No. 13-2, at ECF p. 65.] She also was not playing basketball in part because it was not basketball season. [Filing No. 13-2, at ECF p. 58.] And even if the ALJ gave more weight to the fact that V.J.H. had a back spasm and trouble breathing on one nature walk, it is not relevant because she was not wearing her back brace at the time. [Filing No. 13-2, at ECF pp. 63-64.] This evidence does not undermine the ALJ's conclusion.

      The Court does not reweigh the evidence or substitute the ALJ's judgment, but examines his conclusion and determines whether there is "a logical bridge from the evidence to the conclusions." *Moore*, 743 F.3d at 1121. The ALJ confronted most of the evidence that V.J.H. points to and, as just explained, the ALJ was not required to discuss the rest. The ALJ

4

reasonably concluded that while V.J.H. is more limited when she wears her brace, it does not render her disabled. The ALJ's analysis is reasoned and supported by the evidence. Thus, remand is not appropriate on this issue.

    B.    *Marked domains*

V.J.H. argues that she is disabled because she has at least two marked domains. A child's impairment functionally equals a listing when it results in a "marked limitation" in two domains of functioning. 20 C.F.R. § 416.926a(a). The domains of functioning are (1) acquiring and using information, (2) attending to and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for self, and (6) health and physical well-being. *Id.* § 416.926a(b)(1). Generally, a marked limitation exists when the impairment seriously interferes with the child's ability to initiate, sustain, or complete activities within a particular domain independently. *Id.* § 416.926a(g)-(1). A marked limitation is "more than moderate" but "less than extreme." *Id.* § 416.926a(e)(2).

The ALJ concluded that each of V.J.H.'s six functional domains were not marked. V.J.H. takes issue with the following four domains:

    1.    The ALJ found that V.J.H. has no limitation in acquiring and using information and pointed to the same conclusion by Dr. Roush. [Filing No. 13-2, at ECF p. 19.] He noted that V.J.H. "is not in special education classes and does not receive special counseling and tutoring." [Filing No. 13-2, at ECF p. 19.]

    2.    The ALJ found that V.J.H. has no limitation in attending and completing tasks and pointed to the same conclusion by Dr. Roush. He noted that Dr. Sobat reported she was "alert, oriented to time and place, and that her cognition was not impaired." [Filing No. 13-2, at ECF p. 19.]

5

3. The ALJ found that V.J.H. has less than a marked limitation in moving about and manipulating objects and pointed to the same conclusion by Dr. Roush. [Filing No. 13-2, at ECF p. 21.] The ALJ noted the record shows that she is relatively active despite difficulty moving caused by her brace. [Filing No. 13-2, at ECF p. 21.] The ALJ also noted that Dr. Sobat reported her gait and strength were normal, although the brace makes her movements more difficult. [Filing No. 13-2, at ECF p. 21.]

*4.* The ALJ found that V.J.H. has less than a marked limitation in health and physical well-being and pointed to the same conclusion by Dr. Roush. [Filing No. 13-2, at ECF p. 22.]

The Commissioner contends that the ALJ properly weighed the evidence and that his conclusions about these domains are supported by the evidence. However, the ALJ's analyses are so sparse that no logical bridge was created from the evidence to these conclusions. In each of the ALJ's brief discussions, he essentially recites the conclusion of Dr. Roush, the non-examining agency physician. [Filing No. 13-2, at ECF pp. 18-22.] Not only is it problematic that the ALJ fails to provide an analysis, but it is compounded by the fact that Dr. Roush likewise fails to provide an analysis. Dr. Roush simply provides conclusions about V.J.H.'s domains and leaves the space for each evaluation blank, except for the domains of "Moving About and Manipulation of Objects" and "Health and Physical Well-Being"—the only domains he found "Less Than Marked." [Filing No. 13-3, at ECF pp. 16-17.] The ALJ noted a few statements from Dr. Sobat in addition to Dr. Roush's conclusions, but the ALJ wholly failed to articulate why either doctor's opinions persuaded him to conclude that V.J.H. did not have limitations in each domain.

The ALJ is not required to mention each piece of evidence and the logical bridge he must build is subject to a "lax" standard that only requires minimal articulation. *Berger v. Astrue,* 516 F.3d 539, 545 (7th Cir. 2008). The ALJ here failed to do even that. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 703 (7th Cir. 2009). He made no meaningful attempt to analyze the evidence; he merely recited Dr. Roush's conclusions and noted a few statements by Dr. Sobat. Remand is appropriate so the ALJ can examine the evidence and explain whether it demonstrates that V.J.H. has any marked domains.

**V.     Conclusion**

For all the reasons stated above, the Court finds that the ALJ committed reversible error. The Court grants V.J.H.'s brief in support of appeal [Filing No. 19] and remands this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Date: 2/23/2016

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Copies to be distributed to all counsel of record through the Court's electronic filing system.